JOHN W. HUBER, United States Attorney (#7226)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 •
Salt Lake City, Utah 84111
Telephone: (801) 325-3285

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:18cr99 |
| Plaintiff, | : | |
| | : | JOINT MOTION FOR ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| vs. | : | |
| GABRIEL SETH ELSTEIN, et al., | : | |
| Defendants. | : | Judge Clark Waddoups |

The United States of America, through its counsel, Cy H. Castle; defendants Gabriel Seth Elstein and Dumbles Holding, LLC, through their counsel, Edward K. Brass; defendant Angela Christina Elstein, through her counsel, Earl G. Xaiz; and defendant Scott Dale Gordon, through his counsel, Stephen McCaughey, jointly move this court for an order continuing the trial date of June 14, 2019 for at least 120 days from June 14, 2019 and exclude the computation time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7), from June 14, 2019 to the date of the next trial setting.

1. On February 15, 2018, a grand jury returned an Indictment against defendants Gabriel Seth Elstein and Scott Dale Gordon charging them with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841.

2. On April 2, 2018, Magistrate Judge Evelyn J. Furse arraigned defendants Gabriel Seth Elstein and Scott Dale Gordon on the Indictment and a seven-day trial was originally set for June 8, 2018.

3. On May 14, 2018, an order was entered continuing the trial date in this case from June 8, 2018 to November 30, 2018 and excluding the time for the continuance under the Speedy Trial Act.

4. On September 18, 2018, a grand jury returned a Superseding Indictment charging defendant Gabriel Seth Elstein with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, two counts of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841, one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and seven counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; defendant Angela Christina Elstein with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841 and seven counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; defendant Gordon with one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of Possession with Intent to

Distribute a Controlled Substance in violation of 21 U.S.C. § 841; one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) and five counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957; and defendant Dumbles Holding with two counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957.

5. On October 12, 2018, Chief Magistrate Judge Paul M. Warner arraigned defendants Gabriel Seth Elstein, Angela Christina Elstein, Scott Dale Gordon and Dumbles Holdings on the Superseding Indictment. The court verbally continued the trial scheduled from November 30, 2018 to December 14, 2018.

6. On October 18, 2018, Chief Magistrate Judge Paul M. Warner signed an order continuing the November 30, 2018 trial date and finding this case a complex under 18 U.S.C. § 3161(h)(7)(B)(ii) because of the (a) large volume of discovery in this case from multifarious sources including computers hard drives, business financial records, bank records, investigative reports and other documents related to multiple complex financial transactions; and (b) number of defendants and charges and the potential for novel questions of fact and law related to the allegations in the Superseding Indictment of a multi-year scheme to launder millions of dollars of drug proceeds through an operating business. (Dkt. 38).

7. On December 3, 2018, this court signed an order continuing the trial scheduled for December 14, 2018 to June 13, 2019.

8. As a result of the continuances that have been granted in this case, the parties estimate that twenty-four days remain under the Speedy Trial Act.

9. Because of the quantity and complexity of the records and legal issues, counsel for defendants Gabriel Seth Elstein, Angela Christina Elstein and Scott Dale Gordon need at

least an additional 120 days to adequately prepare for trial in his matter taking into account the exercise of due diligence.

10. This case also involves a dozen or more government witnesses, most of which live outside of the state of Utah. Defense counsel needs the requested additional time of a 120 days to travel to and meet with these witnesses as part of their trial preparation.

11. Because of the volume of financial evidence the government has produced to the defendants in this case, they will need additional time to consult a forensic account to review the discovery in order to properly prepare for trail.

12. The parties also need the additional time to continue to explore plea negotiations, including the forfeiture of the assets identified in the Superseding Indictment.

13. In addition to this case, Mr. Brass has a number of jury trials scheduled over the next 120 days and needs the additional 120 days to handle these trials and have adequate time to prepare for trial in this case.

14. Mr. Castle, the lead prosecutor in this case and is indispensable to this case. He also has a number of trials set during the summer including (a) a three-day jury trial starting June 21, 2019 in *United States v. Patten, et al.*, Case No. 18cr71; (b) a five-day jury trial starting July 8, 2019 in *United States v. Blackhair,* Case No. 18cr16; (c) a three-day jury trial starting on July 29, 2019 in *United States v. Hamson*, Case No. 18cr60; (d) a three-day jury trial starting on August 2, 2019 in *United States v. Gaskin*, Case No. 18cr517; (e) a three-day jury trial starting ; *United States v. Brinton*, Case No. 19cr80; and (f) a five-day jury trial starting on September 16, 2019 in *United States v. Crosswhite, et al.*, Case No. 18cr540.

15. Because all four defendants are joined for trial, this exclusion of time applies to all of the defendants pursuant to 18 U.S.C. § 3161(h)(6).

16. All of the parties stipulated to the continuance of the trial and they will not be prejudiced by the tolling of the statute or excluding the time pursuant to 18 U.S.C. § 3161(h)(7)(A).

17. The failure to grant a continuance of the trial would deny the parties the reasonable time necessary for effectively and properly preparing for trial, taking into account the exercise of due diligence, within the time limits established by the Speedy Trial Act as provided for under 18 U.S.C. § 3161(h)(7)(B)(ii), and would result in a miscarriage of justice for society and the defendant.

18. The failure to exclude time from the time limits established for trial under the Speedy Trial Act, 18 U.S.C. § 3161, would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

19. For all of the above reasons, granting the requested continuance and excluding the time under the Speedy Trial Act serve the ends of justice and "outweigh[s] the best interest of the public and defendant in a speedy trial" under 18 U.S.C. § 3161(h)(7).

Dated this 5th day of June, 2019.

JOHN W. HUBER
United States Attorney

*/s/ Cy H. Castle*
_____

Cy H. Castle
Assistant United States Attorney